**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4156

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDY DERRELL WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00010-GMG-RWT-1)

Submitted:  March 28, 2024                      Decided:  April 1, 2024

Before KING and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Tracy Weese, Shepherdstown, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Kimberley D. Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Derrell Wright appeals his convictions for conspiracy to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and aiding and abetting in the distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. He contends that the evidence was insufficient to support his convictions. Finding no error, we affirm.

> In assessing the sufficiency of the evidence presented in a bench trial, we must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict. "Substantial evidence" means evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.

*United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018) (citation and internal quotation marks omitted). In determining whether the evidence is substantial, we may not resolve conflicts in the evidence or evaluate witness credibility. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018).

To convict Wright of conspiracy to distribute a controlled substance, the Government had to prove "(1) an agreement between two or more persons to distribute [a controlled substance], (2) [Wright's] knowledge of the conspiracy, and (3) [Wright's] knowing and voluntary participation in the conspiracy." *United States v. Seigler*, 990 F.3d 331, 334, 337 (4th Cir. 2021) (internal quotation marks omitted). To prove aiding and abetting, the prosecution must establish that the defendant "(1) took an affirmative act in furtherance of the underlying offense and (2) did so with the intent of facilitating the offense's commission." *United States v. Odum*, 65 F.4th 714, 721 (4th Cir. 2023).

2

With these standards in mind, we have reviewed the record on appeal and have considered Wright's arguments and conclude that, viewing the evidence in the light most favorable to the Government, there is substantial evidence to support Wright's convictions. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*